IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-350-1-BR
No. 5:20-CV-206-BR

| | | |
|---|---|---|
| KWAME SHAQUILLE BELLAMY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 181.) Petitioner filed a response in opposition. (DE # 186.)

In 2011, petitioner pled guilty to two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). For one count, the predicate crime of violence was interference with commerce by robbery ("Hobbs Act robbery"), and for the other count, the predicate crime of violence was carjacking. (See Plea Agreement, DE # 74, at 3-5.) The court sentenced petitioner to a total term of 288 months imprisonment. Petitioner did not appeal.

In May 2020, he filed a § 2255 motion. (DE # 175.) In response, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner claims that his convictions and sentence should be vacated. He argues that neither Hobbs Act robbery nor carjacking is a crime of violence under 18 U.S.C. § 924(c). (See Mot., DE # 175, at 4; Mem., DE # 175-1; Resp., DE # 186.) A "crime of violence" for purposes of § 924(c) is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Although the Supreme Court has held that § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague, United States v. Davis, 139 S. Ct. 2319, 2336 (2019), the other clause, known as the force clause, remains intact. "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)," United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted), as does carjacking, United States v. Evans, 848 F.3d 242, 247 (4th Cir. 2017). Because each predicate offense for petitioner's § 924(c) convictions is a crime of violence, petitioner is not entitled to relief under § 2255.

The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 9 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge