UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-350-1-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KWAME SHAQUILLE BELLAMY | ORDER |

This matter is before the court on defendant's motion for compassionate release. (DE # 189.)

In 2011, pursuant to a plea agreement, defendant pled guilty to two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced him to 84 months on one count and 288 months on the other count, to run concurrently. He did not appeal.

In March 2021, defendant filed the instant motion *pro se*. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent him for purposes of the motion. (DE # 190.) Appointed counsel filed a memorandum in support of defendant's motion with supporting exhibits. (DE # 199.) The government filed a response in opposition, (DE # 200), supported by defendant's presentence report ("PSR") and medical records, filed under seal, (DE ## 201-02), and, in response to the court's order, filed defendant's sentence computation and inmate discipline data, (DE # 193).

Defendant seeks a reduction in his sentence to time served and/or to serve the remainder of his custodial sentence on home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as

amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.[2] United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted) (emphasis added).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . .

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).
[2] The policy statement contained in U.S.S.G. § 1B1.13 "addresses only BOP-filed motions." United States v. High, 997 F.3d 181, 186 (2021). Nonetheless, it "'remains helpful guidance even when motions are filed by defendants.'" Id. (quoting McCoy, 981 F.3d at 282 n.7).

2

training, medical care, or other correctional treatment in the most effective manner."

United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (citing 18 U.S.C. § 3553(a)).

Here, the government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s threshold exhaustion requirement. (Resp., DE # 200, at 1 n.1.) See also United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) ("[T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional . . . ."). Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court reduce his sentence based on the COVID-19 pandemic and the change in § 924(c) sentences pursuant to the First Step Act. (Mot., DE # 189, at 2, 16-30; Mem., DE # 199, at 1-2, 9-10.) He argues that the § 3553(a) factors favor a sentence reduction. (Mem., DE # 199, at 11-14.) In response, the government argues that although the relevant sentencing law has changed, that change is not an extraordinary and compelling reason to warrant reducing defendant's sentence based on the circumstances of his case. (Resp., DE # 200, at 15-17.) Furthermore, it contends defendant does not have an increased risk of severe illness from COVID-19. (Id. at 17.) Therefore, it argues, defendant's concern with COVID-19 does not constitute an extraordinary and compelling reason for his release. (Id. at 17-18.) Alternatively, the government argues that even if defendant has shown such a reason, the court should deny his motion in light of the nature and circumstances of the instant offenses. (See id. at 9-10.)

First, the court considers the COVID-19 pandemic and its impact on defendant. Defendant is 31 years old and does not have a risk factor for COVID-19 complications. See United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) ("[I]n considering whether extraordinary and compelling reasons for a sentence

3

reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." (citation omitted)), aff'd, 992 F.3d 326 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); cf. Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (identifying health conditions which make a person more likely to get very sick from COVID-19) (last visited Mar. 21, 2022). As the government points out, defendant has already contracted COVID-19 and was asymptomatic. (Resp., Ex. 2, DE # 202.) Several months later, he refused to be vaccinated. (Id.) To be sure, COVID-19 is particularly concerning in the prison setting. See High, 997 F.3d at 185 ("COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal."). However, at FCI Bennettsville where defendant is currently incarcerated, see BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (search BOP Register Number 52097-056) (last visited Mar. 21, 2022), no inmates and 2 staff are positive for COVID-19, BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 21, 2022). The facility is operating at Level 1, see BOP, Modified Operational Levels, https://www.bop.gov/coronavirus/ (last visited Mar. 21, 2022), meaning its COVID-19 medical isolation rate is less than 2%; its vaccinate rate is equal to or more than 65%; and the community transmission rate is less than 50 per 100,000 over the last week, see BOP, COVID-19 Modified Operations Plan & Matrix, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Mar. 21, 2022). Considering defendant's age, health, and refusal to be vaccinated as well as the

conditions at FCI Bennettsville, the court gives no weight to the COVID-19 pandemic in determining whether defendant has shown an extraordinary and compelling reason to warrant a sentence reduction.

Next, the court considers the change in § 924(c) sentencing law. At the time defendant committed the second § 924(c) offense, 25 August 2010, the statute mandated a 25-year minimum consecutive sentence of imprisonment. See 18 U.S.C. § 924(c)(1)(C)(i) (2006) ("In the case of a second or subsequent conviction under this subsection, the person shall [] be sentenced to a term of imprisonment of not less than 25 years."). Although the court did not impose that mandatory minimum term because the government filed a motion allowing the court to depart, (see DE # 81), it drove defendant's sentence.[3]

The First Step Act amended § 924(c), and now "the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and already 'has become final.'" McCoy, 981 F.3d at 275 (citation omitted). The court may consider this change in the law "in assessing the defendant['s] case[], on an individualized basis, for compassionate release." Id.

Had the First Step Act been in effect when defendant committed the second § 924(c) offense, his mandatory minimum term of imprisonment would have been 10 years, not 25, because his conviction for the first § 924(c) offense was not final. See 18 U.S.C. § 924(c)(1)(A)(iii) (2018). (See also PSR, DE # 201, ¶ 19 (defendant's firearm was discharged).)

---

[3] At sentencing, defendant's guideline imprisonment "range" for each § 924(c) offense was the statutory mandatory minimum term. See U.S.S.G. § 2K2.4 ("[I]f the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) . . . of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute."). The respective ranges for the offenses were 84 months and 300 months. (PSR, DE # 201, ¶¶ 52, 54.)

Thus, if the court were sentencing defendant today, he would be facing a significantly shorter term of imprisonment. Under the circumstances, the court concludes defendant has shown this disparity in sentencing satisfies § 3582(c)(1)(A)(i)'s extraordinary and compelling reasons standard. Accordingly, the court will consider the applicable § 3553(e) factors.

Prior to the instant offenses, defendant was convicted of resisting a public officer and possession of stolen goods or property. (PSR, DE # 201, ¶¶ 31-32.) Although these offenses are misdemeanors, defendant was sentenced to serve a term of imprisonment for each offense. (Id.) When he was 19 years old and as a gang member, defendant engaged in violent criminal activity spanning from June to December 2010. The instant offenses involved a carjacking, where the victim was assaulted, robbed, and left in the trunk of her vehicle for seven hours, and an armed robbery of a convenience store, where the cashier and defendant both were shot. (Id. ¶¶ 16-17, 19.) Defendant also participated in three other armed robberies, during one of which a co-conspirator shot the cashier, and a drive-by shooting resulting in injury to one person and property damage. (Id. ¶¶ 24-27.) Recognizing defendant's youth at the time, the court nonetheless deems these criminal acts extremely serious.

Defendant has been incarcerated about 11 ½ years. During that time, he has taken educational courses, obtained his GED, and maintained employment. (Mot., DE # 189, at 21; Mem., Ex. C, DE # 199-3.) However, he has committed 14 prohibited acts, the majority of which are of greatest or high severity. (Resp., Ex. 2, DE # 193-2.) See also 28 C.F.R. § 541.3, Table 1 (2022). Upon release, defendant plans to reside with a relative who is a former correctional officer and can assist him with obtaining employment. (Mem., Ex. B, DE # 199-2,

at 3.) A number of people, including other inmates and his sister, support his release. (See Ltr., DE # 196; Mem., Ex. B., 199-2.)

Considering all the circumstances, the court concludes defendant's sentence of imprisonment on his second § 924(c) offense should be reduced to the current statutory mandatory minimum term of 10 years. Reducing defendant's sentence below this term would not sufficiently reflect the seriousness of the offenses or provide just punishment.

Defendant's motion for compassionate release is ALLOWED IN PART and DENIED IN PART. Defendant's term of imprisonment on Count 5 is REDUCED to 120 months, to be served consecutively to the term imposed on Count 7, for a total term of 204 months. All other provisions of the judgment imposed 31 May 2011 shall remain in effect.

This 29 March 2022.

_____
W. Earl Britt
Senior U.S. District Judge